# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

**NICHOLAS HANEY,**
    Plaintiff,

v.                                                                        **Case No. 1:23-cv-1026-CLM**

**CITY OF TALLADEGA, *et al.*,**
    Defendants.

## MEMORANDUM OPINION

    Plaintiff Nicholas Haney ("Haney") sues the City of Talladega ("City") and one of its police officers, Mohamed Sow ("Officer Sow"), claiming that Officer Sow violated his constitutional right against unreasonable searches or seizures. (Doc. 9). Haney pleads four counts in his Complaint: three against Officer Sow (Counts I-III) and one against the City (Count IV). (Doc. 9).

    The City seeks dismissal of the count against it under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 11). As explained within, even if Haney could prove the facts he alleges, he does not plead a viable claim against the City. The court thus **GRANTS** the City's Motion to Dismiss Count IV of the Amended Complaint, (doc. 11). But the court will give Haney one more chance to amend his Complaint to correct the pleading deficiencies that the court identifies.

## BACKGROUND

The court takes these facts from Haney's Amended complaint and assumes all facts are true. FED. R. CIV. P. 12(b)(6); *see, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (at the motion-to-dismiss stage, "the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true").

On August 14, 2022, Nicholas Haney was shopping at Marvin's in Talladega, Alabama when Officer Sow handcuffed him and transported him to Talladega County Jail, where Haney remained for approximately six hours. (Doc. 9 at ¶¶ 7-8, 15). Officer Sow also took Haney's driver's license. (Doc. 9 at ¶ 14). Haney claims Officer Sow did not have probable cause to arrest him and did not have a warrant for Haney's arrest. (Doc. 9 at ¶ 13). Haney pleads four counts stemming from this incident:

- **Count I**: Officer Sow violated Haney's constitutional right not to be subjected to an unreasonable seizure by arresting Haney without arguable probable cause and/or a warrant in violation of 42 U.S.C. § 1983, (doc. 9 at ¶ 20);
- **Count II**: Officer Sow violated Haney's constitutional right not to be subjected to an unreasonable search by searching Haney without arguable probable cause and/or a warrant in violation of 42 U.S.C. § 1983, (doc. 9 at ¶ 21);
- **Count III**: Officer Sow violated Haney's constitutional right not to be subjected to an unreasonable seizure by seizing Haney's personal property without due process in violation of 42 U.S.C. § 1983, (doc. 9 at ¶ 22); and
- **Count IV**: The City did not have policies and procedures in place for City of Talladega police officers to follow to verify warrants prior to making an arrest and, thus, failed to properly train Officer Sow in violation of 42 U.S.C. §1983, (doc. 9 at ¶¶ 23-2[6]).[1]

Officer Sow answered Haney's Amended Complaint, (doc. 12), so only Count IV—the count against the City—is at issue here.

---

[1] Haney's Amended Complaint, (doc. 9), omits paragraph 26.

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## DISCUSSION

This is the entirety of Count IV, as pleaded:

> **FOURTH CAUSE OF ACTION**
>
> 23. Nicholas Haney has clearly established rights to be free from unreasonable searches and seizures of his person and property as secured by the 4th Amendment to the United States Constitution.
> 24. On August 14, 2022, the City of Talladega did not have policies and procedures in place for City of Talladega police officers to follow to verify warrants prior to making an arrest.
> 25. The City of Talladega knew or should have known that the failure and/or refusal to verify warrants prior to making an arrest will result in unlawful searches and seizures.

3

> 2[6]. On August 14, 2022, Nicholas Haney was subjected to an unlawful search and seizure as a proximate result of the City of Talladega's will indifference to Nicholas Haney's rights protected by the 4th Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

(Doc. 9 at ¶¶ 23-2[6]). It's possible to read this count to plead either (i) a general municipal liability claim against the City for failure to have various policies and procedures or (ii) a failure-to-train claim.

Assuming that Haney wants to raise a general municipal liability claim under 42 U.S.C. § 1983, he must identify a municipal "policy" or "custom" that caused his injury. *Bd. Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997); *see Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) ("A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of municipal policy or custom."). As explained by the United States Supreme Court:

> Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Id.* at 404 (internal citations omitted). But Haney fails to identify a municipal policy or custom that caused his injury. So the court must dismiss a general liability claim based on a policy of custom.

Assuming instead that Haney wants to assert a failure-to-train claim, he must "'present some evidence that the municipality knew of a need to train . . . in a particular area and the municipality made a deliberate choice not to take any action.'" *Petkovich v. City of Montgomery*, No. 2:14-923-WHA-WC (WO), 2015 WL 263391, at *6-7 (M.D. Ala. Jan. 21, 2015) (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). Haney pleads that the City "knew or should have known that the failure and/or refusal to verify warrants prior to making an arrest [would] result in unlawful searches and seizures." (Doc. 9 at ¶ 25). But Haney pleads no facts that would *prove* the City had the knowledge necessary to make a choice against acting. For example, did the City have a record of officers making warrantless searches before warrantless arrests and choose to do nothing about it? Without such requisite facts, the court must dismiss Count IV as insufficiently pleaded.

—

Rule 15(a)(2) says that the court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). So the court will give Haney the opportunity to file a second amended complaint that addresses the pleading deficiencies that the court has identified, while also complying with the representation requirements of Rule 11(b).

Haney must file his Second Amended Complaint on or before **July 3, 2024**. If Haney either chooses not to amend his Complaint by that date, or he again fails to plead a viable claim against the City, the court will dismiss his claim(s) against the City with prejudice.

## CONCLUSION

For these reasons, the court **GRANTS** the City's Motion to Dismiss Count IV of Haney's Amended Complaint, (doc. 11). If Haney decides to amend his complaint, he must file that complaint on or before **July 3, 2024.** The court will enter a separate order that carries out this ruling and dismisses Haney's claim against the City without prejudice.

**DONE** and **ORDERED** on June 17, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE